UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| DAVID PHILLIPS, on Behalf of Himself and Others Similarly Situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>DIVERSIFIED WELL LOGGING, LLC<br><br>*Defendant*. | CASE NO. _____ |

## COMPLAINT – COLLECTIVE ACTION

### SUMMARY

1. Diversified Well Logging, LLC (DWL) pays some its workers a flat amount for each day they work. Although these workers regularly work more than 80 hours a week, DWL does not pay them overtime. DWL's policy of paying these employees a day rate, with no overtime pay, violates the Fair Labor Standards Act (FLSA). This collective action seeks to recover the unpaid wages and other damages owed to these workers.

### JURISDICTION & VENUE

2. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Plaintiff David Phillips lives in the Western District of Pennsylvania, Pittsburgh Division. He regularly works for DWL in this District.

4. Further, DWL's Pennsylvania office is located in Eighty Four, Pennsylvania, which is in this District and Division, and is fewer than 100 miles from the courthouse in this Division of the Western District of Pennsylvania.

1

5. Venue is therefore proper in this Court pursuant to 28 U.S.C. §§ 1391 (b) & (c) because DWL resides in this District, and a substantial part of the events alleged herein occurred in this District.

## PARTIES

6. David Phillips (Phillips) is employed by DWL as a Day Rate Worker.

7. Phillips has worked for DWL from April 2010 to present.

8. Throughout his employment, DWL has paid Phillips according to its day rate policy.

9. Phillips' written consent to this action is attached.

10. Phillips brings this action on behalf of himself and all other similarly situated workers who were paid on DWL's day rate system (the "Day Rate Workers"). DWL paid each of the Day Rate Workers a flat amount for each day worked with no overtime premium for hours worked in excess of 40 in a workweek.

11. DWL is a privately held business with its corporate office in Louisiana and additional offices in Corpus Christi, Texas, Eighty Four, Pennsylvania and Mexico. It can be served through its President, Richard Klibert, 711 U Tenth Street, Reserve, Louisiana 70084.

## FACTS

12. DWL specializes in mud logging and mud logging related services.[1]

13. Its services are offered in various areas of the United States, including Texas, Louisiana, Mississippi, Florida, Pennsylvania, West Virginia and Ohio.

14. For at least the past decade, DWL's annual gross revenues exceeded $500,000.

15. Over the past three years, DWL employed dozens of individuals (such as Phillips) as Day Rate Workers in states across the county.

---

[1] *See* http://www.dwl-usa.net/aboutus.htm.

16.     Phillips, for example, worked for DWL in Pennsylvania, West Virginia and Ohio.

17.     The Day Rate Workers routinely handle goods or materials – such as hard hats, tools, steel toe shoes, automobiles, and cell phones - that have moved in, or were produced for, interstate commerce.

18.     DWL pays its Day Rate Workers a day rate for the work they perform.

19.     For example, if a Day Rate Worker's "day rate" is $145, the worker would be paid $145 for each day worked, regardless of the number of hours worked that day (or in that workweek).

20.     At the current time, Phillips' day rate is approximately $300.

21.     The Day Rate Workers are only paid for days they work.

22.     DWL's Day Rate Workers are non-exempt employees.

23.     While the precise job duties of the Day Rate Workers may vary somewhat, any variations do not impact their entitlement to overtime for hours worked in excess of 40 in a workweek.

24.     DWL knows its Day Rate Workers work more than 40 hours in a week.  DWL's records reflect this fact.

25.     For example, DWL typically schedules Phillips for 12 hours a day, for as many as 7 days a week.

26.     Phillips works the hours scheduled by DWL.

27.     Phillips and the other Day Rate Workers submitted "timesheets" to DWL showing the number of days they worked each workweek.

28.     Thus DWL's own records, when combined with the fact that DWL schedules Day Rate Workers to work shifts of at least 12 hours each day, reflect the fact that Phillips and the other Day Rate Workers routinely worked more than 40 hours a week.

29.     DWL knows its Day Rate Workers are not exempt from the FLSA's overtime provisions.

30.     Nonetheless, DWL does not pay its Day Rate Workers overtime for hours worked in excess of 40 in a workweek.

## COLLECTIVE ALLEGATIONS & CAUSE OF ACTION

31.     DWL's policy of paying non-exempt workers a day rate, with no overtime pay, violates the FLSA.

32.     DWL's day rate policy affects all the Day Rate Workers in a similar manner.  Phillips and the other Day Rate Workers are similarly situated for the purposes of their overtime claims.  The collective action class is therefore properly defined as:

**All Day Rate Workers employed by Diversified Well Logging, LLC in the past 3 years.**

33.     By failing to pay Phillips and the other Day Rate Workers overtime at one-and-one-half times their regular rates, DWL violated the FLSA's overtime provisions.

34.     DWL owes Phillips and the other Day Rate Workers the difference between the rate actually paid and the proper overtime rate.  Because DWL knew, or showed reckless disregard for whether, its pay practices violated the FLSA, DWL owes these wages for at least the past three years.

35.     DWL also owes Phillips and the other Day Rate Workers an amount equal to the unpaid overtime wages as liquidated damages.

36.     Phillips and the other Day Rate Workers are entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action.

## PRAYER

Wherefore, Phillips prays for relief as follows:

1.     An order allowing this action to proceed as a representative collective action under the FLSA, and appointing Phillips as their representative;

2.     A declaration that DWL's day rate system violates the FLSA;

3. Judgment awarding Phillips and the other Day Rate Workers all unpaid overtime compensation, liquidated damages, attorneys' fees, costs, and expenses under the FLSA;

4. A declaration that DWL's violation of the FLSA was willful;

5. Pre- and post-judgment interest at the highest rate allowable by law; and

6. All such other and further relief to which Phillips and the other Day Rate Workers may show themselves to be justly entitled.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: /s/ James A. Jones
_____
Richard J. (Rex) Burch
TX State Bar No. 24001807
James A. Jones
TX State Bar No. 10908300
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Facsimile: (713) 877-8065
rburch@brucknerburch.com
jjones@brucknerburch.com